IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary N. Pena,                                    Case No. 3:17 CV 1612

              Plaintiff,                 MEMORANDUM
                                          OPINION AND ORDER
    -vs-
                                          JUDGE JACK ZOUHARY
Cleveland Clinic Foundation, et al.,

              Defendants.

## INTRODUCTION

Plaintiff *pro se* Mary Pena filed this Complaint against the Cleveland Clinic Foundation (Cleveland Clinic) and the Firelands Regional Medical Center (Firelands) (Doc. 1). Pena claims Defendants committed medical malpractice by failing to follow proper medical procedures, ignoring side effects to prescribed medications, and treating her without authorization for medical conditions she claims she does not have. Pena seeks monetary damages and injunctive relief. She also moves to proceed *in forma pauperis* (Doc. 2); that Motion is granted.

Pena recently filed in this Court copies of two letters addressed to the Huron Municipal Court and Huron City Prosecutor (Docs. 3, 4). It is unclear whether or how these letters are relevant to Pena's claims in this case. However, in light of the jurisdictional issues discussed below, the question is ultimately moot.

## BACKGROUND

Pena alleges her doctors at Cleveland Clinic prescribed medication that caused severe side effects, and they did not respond appropriately to her complaints. She alleges Firelands staff initially refused to give her copies of her medical records, then later mailed them to her covered in

a toxic substance. Pena also alleges Firelands allowed medical personnel to falsify her medical records, suggesting she was engaged in "unhealthy behaviors," to support their preferred diagnosis. She contends Cleveland Clinic and Firelands failed to maintain accurate medical information, failed to maintain hygienic facilities, failed to properly diagnose and treat her severe medical conditions, and continued to treat her without authorization for conditions she does not believe she has. Pena contends Defendants committed medical malpractice.

As a result of Defendants' actions, Pena alleges she was prevented from earning a Ph.D in Communications from Bowling Green State University. She also claims her personal relationships have been "broken or strained." She seeks $5 million in monetary damages. She also appears to request injunctive relief -- namely, a requirement that medical charts contain only accurate information that is verified by patients.

## LEGAL STANDARD

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This Court, however, is required to dismiss a *pro se* complaint if it fails to state a claim upon which relief may be granted or lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id*. at 327. An action has no arguable factual basis when the allegations are "delusional" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This Court must construe the Complaint in the light most favorable to Pena, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

is plausible when the Complaint contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint need not include detailed factual allegations, but its "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction. Unlike state trial courts, they have only the authority to hear cases that the Constitution and Congress have empowered them to resolve. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Thus, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Generally speaking, federal jurisdiction is limited to cases (1) where diversity of citizenship exists between the parties, or (2) where the case raises a question of federal law. Diversity jurisdiction arises in cases of sufficient value between citizens of different states. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one state, and all of the defendants are citizens of other states. Federal question jurisdiction arises when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Pena lists an Ohio address for herself (Doc. 1 at 1), and both Cleveland Clinic and Firelands are Ohio non-profit corporations with their principal places of business in Ohio. In a diversity action, the plaintiff bears the burden of "pleading

3

sufficient facts" to confirm the existence of complete diversity. *Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645 (6th Cir. 2003). As written, the Complaint suggests that all three parties are citizens of Ohio. Thus, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must therefore be based on a question of federal law. As Pena is proceeding *pro se*, she enjoys the benefit of a liberal construction of her pleadings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard "requires active interpretation . . . to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (citation omitted). Even with that liberal construction, however, Pena fails to properly identify a federal question in this case. Negligence and medical malpractice are tort causes of action that arise under state law, and no other federal claims are suggested on the face of the Complaint. Accordingly, this Court lacks jurisdiction to hear this case.

## **CONCLUSION**

This action is dismissed for lack of subject matter jurisdiction. This Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

          s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

September 22, 2017